# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re: RUNNIN L FARMS, LLC )
)  Case No.: 19-82716-CRJ-11
)
Debtor. )
_____) CHAPTER 11

## ORDER APPROVING DEBTOR'S INTERIM USE OF
## CASH COLLATERAL UNTIL NOVEMBER 19, 2019

This matter came before the Court for hearing upon the Debtor's Motion for Interim and Final Authority to Use Cash Collateral (Doc. 11) (the "Motion"). After proper notice, a hearing was held on October 7, 2019 with appearances by Tazewell T. Shepard IV on behalf of the Debtor-in-Possession and Richard M. Blythe on behalf of the Bankruptcy Administrator.

Upon consideration of the pleadings, and in light of the representations of the parties at the hearing, this Court hereby finds as follows:

**A. Notice and Hearing.** Notice of the Motion and this hearing has been served in accordance with 11 U.S.C. § 102(1) and Rule 4001(b) of the *Federal Rules of Bankruptcy Procedure*.

**B. Cash Collateral.** As used herein, "Cash Collateral" means cash collateral described and defined in 11 U.S.C. § 363(a), which includes all proceeds, products, offspring, rents, or profits generated from the Debtor's accounts receivable, cash, or cash-equivalents (the "Cash Collateral").

**C. Necessity and Best Interest.** The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in this Chapter 11 bankruptcy case. The Debtor requires immediate authority to use Cash Collateral to continue its business without interruption. Debtor's use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate.

**NOW, THEREFORE** it is hereby **ORDERED, ADJUDGED** and **DECREED** as follows:

1. The Motion is **APPROVED** on an interim basis (pending final hearing on the terms of this Order).

2. **Adequate Protection.** Creditors with security interests in the Debtor's Cash Collateral are hereby granted replacement liens in the Debtor's post-petition assets, and proceeds of same, to the same extent, priority and validity as their pre-petition liens.

3. **Perfection of Replacement Liens; Priority of Liens**. The security interests granted in this Order are deemed perfected without the necessary filing or execution of documents which might otherwise be required under non-bankruptcy law for the perfection of said security interests. Such security interest and perfection shall be binding, to the extent that the post-petition liens granted herein replace properly perfected pre-petition liens, upon any subsequently appointed trustee either in Chapter 11 or any other Chapter of the Title 11 of the U.S. Code and upon all creditors of the Debtor who have extended or who may hereafter extend credit to the Debtor or the Debtor-in-Possession.

4. **Use of Cash Collateral**. The Debtor is hereby authorized to use its Cash Collateral through the interim period approved by this Order in accord with the budget attached hereto as Exhibit "A."

5. **Approval Period**. This Order is interim in nature. The Debtor's use of Cash Collateral is approved through November 19, 2019. A final hearing on this matter will is set for hearing on November 18, 2019 at 10:00 a.m., Federal Building, Decatur, Alabama.

Dated this the 8th day of October, 2019.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Prepared by:
Tazewell T. Shepard IV
Attorney for Debtor