# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Runnin L Farms, LLC | ) | Case No.: 19-82716-CRJ-11 |
| | ) | |
| EIN: xx-xxx0864 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

## DEBTOR'S OBJECTION TO PROOF OF CLAIM OF
## McGRIFF TIRE [CLAIMS DOC. 20-1]

COMES NOW Runnin L Farms, LLC (the "Debtor"), and shows unto this Honorable Court the following:

## Background

1. On September 9, 2019, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Petition Date").

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is a limited liability company organized and operating under the laws of the State of Alabama.

## Proof of Claim 20-1

4. The Debtor listed McGriff Tire as a potential creditor with an unliquidated claim in its bankruptcy petition [Doc. 1] and again in its bankruptcy schedules filed with the Court [Doc. 37].

5. Since the Petition Date, McGriff Tire has been a party listed on the Clerk of Court's creditors matrix.

6. In an Order dated October 8, 2019, this Court set December 16, 2019 as the deadline for all creditors to file proofs of claim in this case (the "Bar Date Order").

7. According to the certificate of service filed by the Debtor on October 9, 2019, its counsel serviced a copy of the Bar Date Order on the creditors matrix that day [Doc. 56].

8. Accordingly, McGriff Tire had actual notice of the Bar Date Order.

9. Pursuant to *Fed.R.Bankr.P.* Rule 3003(c)(2), McGriff Tire had to file a timely proof of claim in this case to participate in any estate distribution.

10. On January 9, 2020, McGriff Tire filed a proof of claim three weeks after the claims bar date had passed.

11. McGriff Tire has not sought leave of the Court to file a late claim pursuant to *Fed.R.Bankr.P.* Rule 3002(c); further, since it had actual notice of the claims bar date, it is not entitled to such relief.

12. Allowing McGriff Tire to participate in a distribution from the bankruptcy estate would disadvantage those creditors who filed timely proofs of claim and be inequitable to the estate as a whole.

13. Accordingly, the Debtor objects to Proof of Claim 20-1 on grounds that this claim was filed untimely and without leave of the Court to extend the claims bar date as required by *Fed.R.Bankr.P.* Rule 3002(c).

WHEREFORE, premises considered, the Debtor respectfully requests this Court to enter an Order: sustaining its objection to proof of claim 20-1; and granting such relief as this Court deems just and proper.

Respectfully submitted this the 15th day of January, 2020.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Chapter 11 Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

This is to certify that I have this the 15th day of January, 2020 served the foregoing document upon the Debtor's 20 largest unsecured creditors, Richard Blythe, Office of the Bankruptcy Administrator, McGriff Tire, P.O. Box 1148, Cullman, AL 35056, and all persons requesting notice by electronic service through the Court's CM/ECF system and/or by depositing said copies in the United States Mail in properly addressed envelopes with adequate postage thereon.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV