# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Runnin L Farms, LLC<br>EIN: xx-xxx0864 )<br>)<br>)<br>Debtor. )<br>_____ ) | | Case No.: 19-82716-CRJ-11<br><br>CHAPTER 11 |

## DEBTOR'S BRIEF IN SUPPORT OF CONFIRMING
## THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION

COMES NOW Runnin L Farms, LLC (the **"Debtor"**), and, and files this legal brief in support of confirming its Third Amended Plan of Reorganization [Doc. 185] (the "**Plan**").

## STATEMENT OF RELEVANT FACTS

1. The record reflects that, in accord with Rule 2002 of the *Federal Rules of Bankruptcy Procedure*, (1) the Debtor properly served a copy of the Plan upon the creditors and parties of interest; and (2) Clerk of Court's office properly served due notice of the confirmation hearing upon to all interested parties to this matter.

2. The Plan, as amended, classifies claims as follows:

| **Class Numbers** | **Class Descriptions** | **Impaired Status** |
|---|---|---|
| 1. | Secured Claim | Impaired – entitled to vote |
| 2. | Secured Claim | Impaired – entitled to vote |
| 3. | Secured Claim | Impaired – entitled to vote |
| 4. | Secured Claim | Impaired – entitled to vote |
| 5. | Secured Claim | Impaired – entitled to vote |
| 6. | Secured Claim | Impaired – entitled to vote |
| 7. | Secured Claim | Impaired – entitled to vote |
| 8. | Secured Claim | Impaired – entitled to vote |
| 9. | Secured Claim | Impaired – entitled to vote |
| 10. | Administrative Claims | Impaired – not entitled to vote |

| 11. | Priority Unsecured Tax Claims | Impaired – not entitled to vote |
| 12. | General Unsecured Claims | Impaired – entitled to vote |
| 13. | Equity Security Holders | Impaired – not entitled to vote |

3. The Debtor filed a report on creditors' ballots contemporaneous to the filing of this brief stating for the record that the Plan carried the nine classes eligible to vote. One secured Class voted to reject the Plan. The three remaining Classes were ineligible to vote.

4. The United States of America, on behalf of the Internal Revenue Service (the "**IRS**"), filed an objection to confirmation alleging that the Debtor has failed to file certain pre-petition employment tax returns. The Debtor intends to resolve the IRS's objection prior to confirmation.

5. No other parties-in-interest filed any written objections to confirmation.

### STATEMENT OF LEGAL REQUIREMENTS ADDRESSED BY THE PLAN

6. The Plan complies with all applicable provisions of the Bankruptcy Code governing notice, disclosure, and solicitation in connection with the Plan, Disclosure Statement, and all other matters to be considered by this Court in connection with this case, thereby satisfying 11 U.S.C. § 1129(a)(1). The Plan provides adequate means for its implementation, through, among other things, vesting or re-vesting property of the estate in the Debtor, providing that the Debtor will continue its operations after the effective date of the Plan free of any restrictions of the Bankruptcy Code, and providing an adequate means for the Debtor to fund the Plan.

7. The Debtor, as the proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2). The Debtor solicited of ballots from holders of claims following approval and dissemination of the Disclosure Statement to holders of claims in classes that are impaired under the Plan and were made in good faith and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules. The ballots of holders of claims entitled to vote on the Plan were properly solicited and tabulated. Based upon the foregoing and the record in this case, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(2).

8. Section 1123(a)(3) of the Bankruptcy Code requires that a Plan be proposed in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court may examine the totality of the circumstances surrounding the formulation of the Plan. This Plan arises from arms-length negotiations among the representatives of the Debtor's creditors. Thus, it is appropriate for the Court to find that the Plan has been proposed in good faith and not by any means forbidden by law.

9. Any payment made or to be made by the Debtor, or by any person issuing securities or acquiring property under the Plan, for services or costs and expenses in connection with the Chapter 11 case, or in connection with the Plan and incidental to the case, has been approved by or is subject to the approval of the Court, thereby satisfying 11 U.S.C. § 1129(a)(4).

10. As proponent of the Plan, the Debtor has complied with the requirements of 11 U.S.C. § 1129(a)(5). The Debtor's current management are the only decision-makers in the business, and there are no other individuals proposed to serve as officers and directors of the Debtor's business after the Plan is confirmed.

11. Section 1129(a)(6) of the Bankruptcy Code requires a Debtor to obtain the approval of any governmental regulatory commission with jurisdiction over the Debtor with respect to any rate changes provided for in the Plan. The Debtor is not subject to any governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtor. Thus, 11 U.S.C. 1129(a)(6) is not applicable in this case.

12. Each holder of a claim or interest in an impaired class will receive or retain under the Plan property of a value, as of the effective date of the Plan, which is not less than the amount that such holder would receive or retain if the Debtor liquidated under Chapter 7 of the Bankruptcy Code on such date. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(7).

13. Class 1 voted to reject the Plan will all other eligible Classes voting to accept the Plan. The requirements of 11 U.S.C. § 1129(a)(8) are discussed below.

14. Except to the extent that a holder of a particular claim has agreed to a different treatment of such claim, the Plan satisfies the requirements of Section 1129(a)(9) of the Bankruptcy Code.

15. With respect to each Class of claims or interest of the Debtor, at least one Class of claims that is impaired has accepted the Plan – in this case, Classes 2, 3, 4, 5, 6, 7, 8, 9 and 12 – which is determined without including any acceptance of the Plan by any insiders. Thus, the Plan satisfies the requirements of 11 U.S.C. § 1129(a)(10).

16. The Plan calls for a structured payment plan to satisfy approved creditor claims; in the Debtor's opinion, consummation of the Plan is not likely to be followed by the liquidation or need for further financial reorganization of the Debtor. The Debtor has successfully operated during the pendency of this Chapter 11 case and projects stable revenues.

The federal courts have stated that to be feasible pursuant to § 1129(a)(11), "[t]he plan does not need to guarantee success, but it must present reasonable assurance of success." *In re Made in Detroit, Inc.,* 299 B.R. 170, 176 (Bankr. E.D. Mich. 2003) (citing *Kane v. Johns–Manville Corp.,* 843 F.2d 636, 649 (2nd Cir. 1988)), *aff'd,* 414 F.3d 576 (6th Cir. 2005). "The Code does not require the debtor to prove that success is inevitable, and a relatively low threshold of proof will satisfy § 1129(a)(11) so long as adequate evidence supports a finding of feasibility." 7 *Collier on Bankruptcy* ¶ 1129.03[11] (15th ed. rev.2006) (quoting *Computer Task Group, Inc. v. Brotby (In re Brotby),* 303 B.R. 177, 191 (9th Cir. BAP 2003)).

A review of the Debtor's monthly operating reports indicates that the Debtor can afford the payments required under this Plan. Further, the Debtor's projected cash-flow contained in its approved Disclosure Statement predicts strong and steady revenues supporting a finding in favor of 11 U.S.C. § 1129(a)(11). The Debtor's Plan satisfies the "feasibility" requirement of 11 U.S.C. § 1129(a)(11).

17. The Debtor is current on all payments to the Bankruptcy Administrator. The Debtor intends to pay any and all additional fees payable to the Office of the Bankruptcy Administrator as and when due and payable. The Debtor has satisfied the requirement of Section 1129(a)(12) of the Bankruptcy Code.

18. The Debtor did not, before or after its Chapter 11 filing, provide any retiree benefits to any employees, subject to 11 U.S.C. § 1114. Thus, 11 U.S.C. § 1129(a)(13) is not applicable.

19. The Debtor is a corporation and 11 U.S.C. § 1129(a)(14) does not apply.

20. The Debtor is not an individual and so 11 U.S.C. § 1129(a)(15) does not apply.

21. The Debtor is not "a corporation or trust that is a moneyed, business, or commercial corporation or trust." 11 U.S.C. § 1129(a)(16) does not apply.

22. Although the Plan meets the legal requirements of 11 U.S.C. §§ 1129(a)(1)-(7) & 1129(a)(9)-(16), Section 1129(a)(8) states that "The court shall confirm a plan only if… [w]ith respect to each Class of claims or interests – such Class has accepted the plan; or such Class is not impaired under the plan."

23. The Plan impairs Class 1 and the creditor in this Class voted to reject the Plan.

24. While it appears that the Court may not confirm the Plan without acceptance votes from the creditor in Class 1, 11 U.S.C. § 1129(b) states that:

> "…if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to the plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interest that is impaired under, and has not accepted, the plan."

25. The Debtor avers that the Plan, concerning the creditors who did not vote in favor of confirmation, (**1**) is fair and equitable, and (**2**) does not discriminate unfairly. Accordingly, the Debtor respectfully requests confirmation of the Plan pursuant to 11 U.S.C. § 1129(b).

## THE PLAN IS FAIR AND EQUITABLE AND DOES NOT DISCRIMINATE UNFAIRLY AGAINST THE SECURED CREDITOR IN CLASS 1

**(a)  Background**

26. Class 1 of the Plan contains the claims of the secured creditor Northland Capital Finance ("**Northland**").

27. According to its proofs of claim, Northland is owed a total of $97,082.12 and possesses a senior-priority lien on the four commercial trailers owned by the Debtor.

28. Although Northland voted against confirmation of the Debtor's Plan, it did not file a written objection to confirmation.

### (b) The Plan is Fair and Equitable to this Secured Creditor

29. 11 U.S.C. § 1129(b)(2)(A)(i) contains a three-part test for determining if a plan of reorganization is fair and equitable for a secured claim: (**1**) a plan must provide "that the holders of such claims retain the liens securing such claims… to the extent of the allowed amount of such claims;" (**2**) that the secured claim holder receives "…deferred cash payments totaling at least the allowed amount of such claim… as of the effective date…"; and (**3**) a plan of reorganization must also provide "for the realization by such holders of the indubitable equivalent of such claims."

30. While the term "indubitable equivalent" appears ambiguous and undefined, courts in this Federal Circuit have stated that "[t]he 'indubitable equivalent' standard… considers whether the treatment a creditor receives under the plan is completely compensatory and the likelihood the creditor will receive payment." *Matter of Atlanta Southern Business Park, Ltd.* 173 BR 444, 448 (Bankr. ND Ga. 1994) (*citing In Re Murel Holding Corp.*, 75 F.2d 941, 942-42 (2d. Cir. 1935).

31. The Debtor's Plan meets all three prongs of this test to support a finding that Northland's proposed treatment is fair and equitable under the Bankruptcy Code:

32. The first prong, 11 U.S.C. § 1129(b)(2)(A)(i)(I), is satisfied because the Plan calls for Northland to "retain all security interests in any collateral." [Doc. 185, pp. 8].

33. The second prong, 11 U.S.C. § 1129(b)(2)(A)(i)(II), is satisfied because the Plan calls for the creditor to receive deferred cash payments that will pay the entirety of its allowed claim, plus interest; Northland "…will be paid in full its approved claim amount over the course of a 96-month term with interest accruing at the rate Prime plus 1.00%, as published in the *Wall Street Journal…*" [Doc. 115, p. 8].

34. Finally, the third prong of the fair and equitable test is satisfied because the Plan proposes to provide this creditor the indubitable equivalent of its claim: as of the Petition Date, the Debtor owed Northland $97,082.12 for money lent. The Plan restructures this debt by providing for monthly payments of cash to Northland, with interest accruing at the rate of WSJ Prime +1.00% to compensate for any risk of default, along with the retention of all liens and encumbrances attached to the Debtor's collateral. The creditor will receive payment in full of its allowed claim amount, retention of its liens, and interest to compensate for any risk of default; this proposed treatment is the indubitable equivalent of Northland's claim in the case.

35. The Plan, as proposed, meets the Fair and Equitable standard of 11 U.S.C. § 1129(b) as it applies to the secured creditor in Class 1.

**(c) The Plan Does Not Unfairly Discriminate Against Class 1**

36. 11 U.S.C. § 1129(b) requires "that the plan not discriminate unfairly with respect to classes of impaired claims" *In re Holywell Corp.,* 913 F.2d 873, 880 (11th Cir. 1990).

37. The Eleventh Circuit has explained that:

> Although the proponent of a plan of reorganization has considerable discretion to classify claims and interests according to the facts and circumstances of the case, this discretion is not unlimited… If the plan unfairly creates too many or too few classes, if the classes are designated to manipulate class voting, or if the classification scheme violates basic priority rights, the plan cannot be confirmed.

*Id.* (*citing Teamsters Nat'l Freight Indus. Negotiating Comm. v. U.S. Truck Co.*, 800 F.2d 581, 586 (6th Cir. 1986); and *Hanson v. First Bank*, 828 F.2d 1310, 1313 (8th Cir. 1987).

38. The Plan does not unfairly discriminate against Northland: the Plan contains thirteen Classes in total, the first nine of which are secured Classes, the next two Classes contain priority unsecured claims, Class 12 contains the general unsecured creditors, and the final Class is for the equity security holders.

39. Northland's claim is unlike the other eight secured Classes because the nature of each of these the creditors' collateral differs: Northland possesses a senior lien on four specific trailers. The other eight secured Classes contain creditors with liens on other business equipment, such as tractors, different trailers, office equipment, purchase-money and non-purchase-money liens' on title and non-title property, and other related encumbrances.

40. The useful life and age of all of this collateral differs. Thus, the Debtor has proposed a payment plan that will protect each secured creditors' interests in the case and compensate them any risk of default, make it feasible for the Debtor to make all of its timely payments, and serve in the best interests of the Debtor's estate collectively.

41. Northland's claim also deserves separate classification from the claims in Classes 10-13 because these classes are all for unsecured creditors or contain the equity security holders.

42. Accordingly, the Debtor had good reason to classify the various claims as it did in its Plan.

43. In line with the Eleventh Circuit's standard from *In re Holywell Corp.,* 913 F.2d at 880 and discussed above, the Debtor's classification of the claims in this case does not unfairly discriminate against Northland.

## CONCLUSION

44. The Plan is eligible for confirmation because, even though Class 1 did not vote to confirm the Plan, the Plan satisfies the "cram down" provisions of 11 U.S.C. § 1129(b), as it applies to this creditor, in that the Plan meets the statutory and case law definitions of (1) "not discriminating unfairly" and (2) is "fair and equitable" as it applies to the creditor in Class 1.

45. Pursuant to 11 U.S.C. § 1129(b), the Debtor respectfully requests confirmation of this Plan.

WHEREFORE, premises considered, Runnin L Farms, LLC prays that this Court will enter an Order: confirming its Third Amended Plan of Reorganization; and granting such further relief as the Court deems just and proper.

Respectfully submitted this the 14th day of April, 2020.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Chapter 11 Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 14th day of April, 2020 served the foregoing document upon all addressees on the Clerk's Mailing Matrix, all parties requesting notice, and the Office of the Bankruptcy Administrator by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV