# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In re: Runnin L Farms, LLC )  Case No.: 19-82716-CRJ-11
)
)
Debtor. )  CHAPTER 11

## ORDER CONFIRMING DEBTOR'S
## CHAPTER 11 PLAN OF REORGANIZATION

This matter came before the Court on May 28, 2020 at a telephonic hearing (the "**Hearing**") on confirmation of the Fourth Amended Plan of Reorganization [Doc. 238] (the "**Plan**") filed by Runnin L Farms, LLC (the "**Debtor**"). The attorneys present were Tazewell T. Shepard IV for the Debtor, Richard E. O'Neal for the Internal Revenue Service (the "**IRS**"), Justin B. Little for PeoplesTrust Bank (the "**PeoplesTrust**"), and Richard M. Blythe, for the Bankruptcy Administrator (the "**BA**").

The Court has jurisdiction to conduct the Hearing and to confirm the Plan pursuant to 28 U.S.C. § 1334. Confirmation of a Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. Further, the Debtor is the proper debtor under 11 U.S.C. § 109 of the Bankruptcy Code and the Debtor is the proper proponent of the Plan under 11 U.S.C. § 1121(a).

In accord with the Amended Summary of Ballots filed by the Debtor [Doc. 240], counsel for the Debtor reported to the Court that creditors in Classes 2 – 10 voted in favor of accepting confirmation of the Plan. Secured creditor Class 1 voted to reject the Plan. The holders of claims in Class 11 are all ineligible to vote on the Plan and thus did not vote.

The record reflects that the IRS filed a timely objection to confirmation. At the Hearing, Mr. O'Neal and Mr. Shepard announced that the parties had resolved the IRS's objection and that the IRS's treatment in the Plan would be modified, as stated below.

Upon consideration of the pleadings, statements by counsel in open court, and the Debtor's Brief in Support of Confirming the Amended Chapter 11 Plan of Reorganization [Doc. 239], the Court finds as follows:

A. Although the creditor in Class 1 voted to reject the Plan, the Court finds that the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims that are impaired under the Plan, and has not accepted the Plan; and

B. Creditors in Classes 2 – 10, who are impaired and eligible to vote, voted to accept the Plan, satisfying the statutory prerequisite of 11 U.S.C. § 1129(a)(10); and

C. The Plan complies with all applicable provisions of the Bankruptcy Code governing notice, disclosure, and solicitation in connection with the Plan, Disclosure Statement, and all other matters considered by this Court in connection with this case, thereby satisfying 11 U.S.C. § 1129; and

D. The Court finds that the Debtor has adequately addressed the requirements under 11 U.S.C. § 1129 to confirm the Plan, and thus the Plan may be confirmed.

**NOW, THEREFORE**, based on the foregoing, it is **HEREBY ORDERED, ADJUDGED** and **DECREED** as follows:

1. The Plan's treatment of the IRS's claim is amended as follows:

The amended claim filed by the Internal Revenue Service on April 29, 2020 in the sum of $35,562.57 shall be allowed as filed.

The unsecured priority portion of the claim in the sum of $31,941.42 shall be amortized over a period of sixty (60) months payments with interest at the applicable interest rate of 5.00%. The Debtor shall remit to the Internal Revenue Service sixty (60) payments of $602.77 each. The first monthly payment shall be due on or before July 1, 2020 and subsequent installments shall be due on the 1st day of each month thereafter until said debt is paid in full.

The unsecured portion of the IRS's claim in the sum of $3,621.15 shall be paid as a Class 11 claim.

In the event the Debtor fails to remit any monthly payment on the IRS unsecured priority and/or the general unsecured claim as each payment becomes due, the automatic stay will be considered terminated, and the IRS may proceed with its legal and/or administrative remedies to collect any and all sums due on its amended claim.

The Debtor shall timely file all post-petition federal Form 941 tax returns beginning with Form 941 for the tax period ended March 31, 2020 and the Form 940 tax return for the tax period ended December 31, 2020 by the due date for each respective tax period. Upon the filing of the applicable Form 941 and Form 940 tax returns, beginning with the Form 941 for the tax period ended March 31, 2020 and the Form 940 tax return for the tax period ended December 31, 2020, to the extent there is a balance due to the IRS, the Debtor shall remit the balance due at the time the return is filed with the IRS.

During the pendency of the repayment period for the pre-petition tax debt owed to the IRS, in the event the Debtor fails to timely file any and all post-petition federal Form 941 tax returns beginning with the Form 941 for the tax period ended March 31, 2020 and the Form 940 tax return beginning with the tax period December 31, 2020 and remit any balance due to the IRS; the automatic stay will be considered terminated, and the IRS may proceed with its legal and/or administrative remedies to collect any and all sums due on its amended claim and any post-petition liability.

For the tax periods listed on the amended claim filed by the IRS, the time periods found at 26 U.S.C. §§ 6503(b) and 6503(h) are tolled during the term for repayment stated in this plan.

For the tax periods listed on the amended claim, the time periods found at 11 U.S.C. §§ 523(a)(1) and 507(a)(8) are tolled during the term for repayment stated in this plan.

The IRS tax debt for the tax periods listed on the IRS claim shall not be the subject of any discharge entered in this case until the Debtor has complied with the terms of the repayment of the terms of the unsecured priority and general unsecured debt of the IRS debt as set for herein.

The IRS reserves the right to adjust the amount of its claim if it determined through the IRS administrative process that the amounts due on any tax period listed on the IRS claim are due to be adjusted;

2. The Fourth Amended Chapter 11 Plan of Reorganization filed by the Debtor, Runnin L Farms, LLC, is hereby **CONFIRMED**;

3. The Debtor and all creditors in this case are bound by the confirmed Plan pursuant to 11 U.S.C. § 1141(a);

4. All property of the Debtor's estate shall vest in the Debtor on the confirmation date subject to the provisions of the confirmed Plan, and the Debtor shall be authorized to resume and conduct its ordinary course of business without being required to seek further authority from the Court;

5. Except as provided in the confirmed Plan, all property of the estate vests in the Debtor free and clear of any other claims or interests pursuant to 11 U.S.C. § 1141(b); and

6. In accordance with the provisions of the confirmed Plan, the Court shall retain jurisdiction over this case until the confirmed Plan has been substantially consummated and the case closed.

Dated this the 1st day of June 2020.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

Order Prepared by:
Tazewell T. Shepard IV
*Attorney for the Debtor*

Order Approved by:
Richard E. O'Neal
*Attorney for the IRS*

Richard M. Blythe
*Attorney for the BA*

Justin B. Little
*Attorney for the PeoplesTrust*